## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-42782-MSH |
| FRANCHI EQUIPMENT CO., INC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MEMORANDUM OF DECISION ON THE TRUSTEE'S MOTION TO AUTHORIZE PAYMENTS OF CERTAIN EXPENSES FROM 401(K) PLAN ASSETS

This case is before me on the motion of Steven Weiss, Chapter 7 trustee, to authorize payments of certain expenses from the assets of a 401(k) retirement plan.   Hilda L. Solis, Secretary of the United States Department of Labor ("DOL"), objects.   The Chapter 7 trustee and the DOL disagree as to whether I have jurisdiction to approve the fees of the trustee and his counsel for services rendered in connection with the termination of a retirement plan established under § 401(k) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and to authorize payment of those fees from the assets of the retirement plan.

### Background

The facts are not in dispute.   When the debtor, Franchi Equipment Co., filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, on July 10, 2009, its employees were beneficiaries of a retirement plan established and administered by the debtor and known as the F.E.C. 401(k) Plan.   On August 7, 2009 the Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code and the Chapter 7 trustee was appointed.

1

On October 19, 2009, the Chapter 7 trustee filed a motion for authority to terminate the

401(k) plan which, as of October 1, 2010, had total assets of approximately $656,241.09 derived

from employee contributions as well as from discretionary matching and profit sharing

contributions made by the debtor.   On November 23, 2009, my predecessor, Judge Joel B.

Rosenthal, allowed the trustee's motion over the DOL's limited objection.   Among other things,

the November 23, 2009 order authorized the Chapter 7 trustee to (i) retain Penco, Inc., the third

party service provider which had provided plan administration services to the debtor, to assist him

in terminating the 401(k) plan, (ii) make distributions to the 401(k) plan participants and (iii)

execute documents necessary to terminate the plan.   In addition, the November 23, 2009 order

authorized the Chapter 7 trustee to establish a reserve out of plan assets for the costs of

administering and terminating the plan.   The Chapter 7 trustee established a reserve of $10,000.

It is this $10,000 which the trustee now seeks to disburse in payment of his and his counsel's fees.[1]

In the November 23, 2009 order, Judge Rosenthal ruled that the bankruptcy court had

jurisdiction to enter the order subject to the right of the DOL and any plan participant to assert

claims pursuant to ERISA, "including claims that the Court lacks jurisdiction to enter any future

orders regarding the Trustee's obligations and duties to the Plan."   The DOL, availing itself of this

---

[1] The trustee's motion includes time records for both the Chapter 7 trustee's services and that of his counsel, Shatz, Schwartz and Fenton, P.C.   The trustee represents that he billed $16,170 in fees in connection with his efforts to terminate the 401(k) plan while his counsel billed fees of $11,033.50.   No expenses appear to be included in either fee request.   In addition, counsel to the Chapter 7 trustee filed its First Interim Application for Compensation, which included copies of the same time records for both the trustee and his counsel as are included in the trustee's motion, requesting that the $11,033.50 of fees it billed be approved and paid by the trustee.   The First Interim Application did not specify what funds were to be used to pay the fees.   The First Interim Application for Compensation, to which no objections were interposed, has been allowed on an interim basis.

jurisdictional reservation, now challenges the bankruptcy court's jurisdiction to act on the Chapter

7 trustee's current motion.

Before discussing the issues presented by the trustee's motion, it is worth noting what the

motion does not seek.   The Chapter 7 trustee is not requesting a so-called "comfort order" finding

that he has satisfactorily completed all of his responsibilities with respect to the 401(k) plan or an

order discharging him from further responsibilities with respect to the plan.   Relying on *In re*

*NSCO*, 427 B.R. 165, 182 (Bankr. D. Mass. 2010), the trustee has stated that he is not seeking such

an order at this time.   The DOL submits that were the Chapter 7 trustee to stipulate that the

bankruptcy court lacked jurisdiction to enter such an order at *any* stage of the bankruptcy

proceedings, it would acquiesce to the trustee's current motion.   The trustee declines this

invitation presumably because he intends to request such relief when he completes his

administration of the case and files his final report.   In other words the parties' dispute is not over

the merits of the trustee's motion to disburse the $10,000; it is about the broader jurisdictional

implications of the allowance of the motion by this Court.

### Discussion

ERISA and BAPCPA

"ERISA is a comprehensive statute designed to promote the interests of employees and

their beneficiaries in employee benefit plans."   *NSCO*, 427 B.R. at 173 quoting *Shaw v. Delta Air*

*Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983).   In order to achieve

that goal, a trustee of a plan under ERISA is impressed with the duties "of trustees under an

express trust– the highest known to the law. . . ."   *Donovan v. Bierwirth*, 680 F.2d 263, 272 n. 8

(2d Cir. 1982).   Breach of these duties subjects the fiduciary to personal liability.   29 U.S.C.

§§ 1109(a), 1132(a)(2), (3), and (5).   *Id.*   (Internal quotation marks omitted).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.

109-8, 119 Stat. 23 (2005) ("BAPCPA"), introduced sweeping amendments to the Bankruptcy

Code.   It added § 704(a)(11) which provides that a trustee shall

> if, at the time of the commencement of the case, the debtor (or any entity designated
> by the debtor) served as the administrator (as defined in section 3 of the Employee
> Retirement Income Security Act of 1974) of an employee benefit plan, continue to
> perform the obligations required of the administrator.

Under § 704(a)(11), the Chapter 7 trustee in this case was required and has continued to

perform the obligations of the administrator of the debtor's 401(k) plan.   Regrettably, "[a]lthough

. . . a bankruptcy trustee must continue to perform a debtor–plan administrator's obligations, the

Bankruptcy Code and Rules provide no further directives as to how to meld the trustee's

bankruptcy and ERISA responsibilities."   *NSCO*, 427 B.R. at 174.   The Bankruptcy Code is

clear, however, that funds withheld by a debtor–employer from employee wages or received from

employees as contributions to a retirement plan are not property of the bankruptcy estate.

Bankruptcy Code § 541(b)(7).[2]

Bankruptcy Court Jurisdiction

The reported case law addressing a bankruptcy court's jurisdiction with respect to a

Chapter 7 trustee's ERISA obligations is scant and inharmonious.   *Compare In re Mid-States*

*Express, Inc.* 433 B.R. 688 (Bankr. N.D. Ill. 2010) (finding no bankruptcy court jurisdiction), *and*

*AB&C Group, Inc.,* 411 B.R. 284 (Bankr. N.D.W. Va. 2009) (same) *with In re Robert Plan Corp.*,

439 B.R. 29 (Bankr. E.D.N.Y. 2010) (finding that the bankruptcy court had core jurisdiction), *and*

---

[2]  Neither the Chapter 7 trustee nor the DOL has addressed whether any portion of the funds in the
401(k) plan derived from contributions by the debtor in which case such funds might be estate
property.   Because both parties agree that the $10,000 at issue here is not property of the estate, I
need not inquire further.

4

*NSCO* (same).   *See also Allard v. Coenan (In re Trans-Industries, Inc.)*, 419 B.R. 21 (Bankr. E.D.

Mich. 2009) (taking a third approach by finding that the bankruptcy court had related-to

jurisdiction).

Jurisdiction over bankruptcy cases and proceedings is reserved to the United States district

courts.   The district court has original *and exclusive* jurisdiction over "cases under title 11."   28

U.S.C. § 1334(a).   The district court has original *but not exclusive* jurisdiction over "civil

proceedings arising under title 11, or arising in or related to cases under title 11."   28 U.S.C.

§ 1334(b).   The district courts may refer cases under title 11 as well as civil proceedings that arise

under title 11 or arise in or are related to cases under title 11 to the bankruptcy courts.   28 U.S.C.

§ 157(a).   "In Massachusetts, the district court has referred to the bankruptcy court the broadest

possible universe of cases which a bankruptcy court could hear, namely all cases over which the

district court may exercise jurisdiction under either § 1334(a) or (b)."   *NSCO*, 427 B.R. at 176.

Chief Justice Roberts, writing for the majority in *Stern v. Marshall*, – U.S. –, 2011 WL 2472792

(June 23, 2011), offered a concise overview of a bankruptcy court's jurisdiction to hear and

determine matters before it expressed in terms of core and non-core jurisdiction.

> The manner in which a bankruptcy judge may act on a referred matter depends on
> the type of proceeding involved.   Bankruptcy judges may hear and enter final
> judgments in "all core proceedings arising under title 11, or arising in a case under
> title 11." § 157(b)(1).   "Core proceedings include, but are not limited to" 16
> different types of matters, including "counterclaims by [a debtor's] estate against
> persons filing claims against the estate."   § 157(b)(2)(C).   Parties may appeal
> final judgments of a bankruptcy court in core proceedings to the district court,
> which reviews them under traditional appellate standards.   See § 158(a); Fed. Rule
> Bkrtcy. Proc. 8013.
>
> When a bankruptcy judge determines that a referred "proceeding . . . is not a core
> proceeding but . . . is otherwise related to a case under title 11," the judge may only
> "submit proposed findings of fact and conclusions of law to the district court."
> § 157(c)(1).   It is the district court that enters final judgment in such cases after
> reviewing *de novo* any matter to which a party objects.   *Ibid.*

*Id.* at *9.

A "case under title 11" is the case instituted by the bankruptcy petition itself. 1 Collier on Bankruptcy ¶ 3.01[2], at 3–12 to 3–13 (L. King et al. eds., 16th rev. ed. 2011) ("The 'case' referred to in section 1334(a) is the umbrella under which all of the proceedings that follow the filing of a bankruptcy petition take place.").

> "[A]rising under" proceedings are (at least) those cases in which the cause of action is created by title 11. . . . "Arising in" proceedings generally are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of bankruptcy. [*Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir.1987)]. "[R]elated to" proceedings [are] proceedings which "potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir.1991) (quoting *Smith v Commercial Banking Corp. (In re Smith),* 866 F.2d 576, 580 (3d Cir.1989)).

*City of Springfield v. Lan Tamers, Inc. (In re Lan Tamers, Inc.)*, 281 B.R. 782, 798 (Bankr. D. Mass. 2002) *aff'd* 329 F.3d 204 (1st Cir. 2003).

None of the bankruptcy courts forced to grapple with the intersection of the Bankruptcy Code and ERISA has disagreed with the foregoing summary of bankruptcy court jurisdiction. The disagreement appears to be over which statute governs the bankruptcy trustee's pension-related obligations. Each court recognized that pursuant to § 327 of the Bankruptcy Code, the bankruptcy court has jurisdiction to rule on a trustee's motion to employ professionals to assist him in carrying out his responsibilities under § 704(a)(11); they diverged on the issue of whether the bankruptcy court may rule on fees paid from retirement plan assets pursuant to §§ 330 and 331 of the Bankruptcy Code governing the awarding of fees, including interim fees to, among others, a trustee and professionals employed under § 327.

6

*AB&C Group* and *Mid-States Express*—The Bankruptcy Court Lacks Jurisdiction

In *AB&C Group*, 411 B.R. 284 (Bankr. N.D.W.Va. 2009), the first case to consider a

bankruptcy court's jurisdiction over fees paid from retirement plan assets following enactment of

BAPCPA, the Chapter 7 trustee sought to employ the bank which had acted as the third party plan

administrator for the debtor to assist him in terminating the debtor's 401(k) plan and to compensate

the bank out of plan assets.   Although the DOL agreed that the bankruptcy court had jurisdiction

over the trustee's retention of professionals, even those to be retained to perform services in

connection with a plan under ERISA, it argued that the bankruptcy court lacked jurisdiction to rule

on the reasonableness of fees payable to those professionals.   The *AB&C Group* court agreed,

concluding that any dispute over fees paid from plan assets, which are not assets of the bankruptcy

estate, would arise under ERISA not the Bankruptcy Code because any entitlement to those fees

"does not depend upon bankruptcy for its existence, nor does it involve an administrative matter

that arises only in bankruptcy cases." *Id.* at 292.   In reaching its decision, the court relied on *In*

*re McDonald Bros. Constr., Inc.*, 114 B.R. 989 (Bankr. N.D. Ill. 1990) and *David & Hagner v.*

*DHP, Inc.*, 171 B.R. 429 (D.D.C. 1994), for the proposition that "[n]othing in [§§ 330 and

331] . . . authorizes a court to award compensation or reimbursement of expenses from a source

other than the estate."   *AB&C Group*, 411 B.R. at 291 (internal citation and quotation marks

omitted).

In *Mid-States Express, Inc.*, 433 B.R. 688 (Bankr. N.D. Ill. 2010), the bankruptcy trustee

sought permission to liquidate the debtor's retirement plan and distribute the assets to the plan

participants.[3]   The trustee also sought payment from the retirement plan's assets of his expenses

for administering the plan.   Recognizing that whether a bankruptcy court has jurisdiction to award

fees from pension assets is "a difficult question," the *Mid-States Express* court, citing *AB&C*

*Group*, concluded that it lacked jurisdiction to determine the fees to be paid from the retirement

plan's assets.

The court described the responsibilities conferred on a bankruptcy trustee under

§ 704(a)(11) as follows:

> In the context of the Bankruptcy Code, section 704(a)(11) is simply an additional
> duty that the trustee must perform.   It is, however, quite different from the
> trustee's other duties because it confers non-estate responsibilities on the trustee.
> All of the trustee's pre-BAPCPA duties relate to the trustee's role as representative
> of the bankruptcy estate.   See 11 U.S.C. § 704(a).   This court undoubtedly has
> jurisdiction to oversee the trustee's actions when he is acting in that capacity.
> Section 704(a)(11), however, requires the trustee to disburse assets that do not
> belong to the bankruptcy estate, for the benefit of persons that are not creditors. See
> M.P. Sheehan, A Simple Solution and a Radical Change: Orphaned Employee
> Benefit Plans and BAPCPA, 22 NABTalk 12 (2007).   In other words, the trustee is
> required to administer the assets of an entity that is not in bankruptcy.

*Id.* at 493.   The court rejected the trustee's argument that it had "arising under"

jurisdiction to authorize the trustee to liquidate the plan and receive fees out of the plan's assets.

The trustee attempted to analogize § 704(a)(11) to other Bankruptcy Code sections, including

§ 544(b) giving the trustee the right to avoid preferential and fraudulent transfers, which the trustee

claimed arose under state law.   The court, however, found that "[a]lthough section 544(b), when

taken alone, does not appear to be a substantive right created by the Bankruptcy Code, all the

fraudulent transfer and preference sections work together to arm the bankruptcy trustee with the

---

[3]   The trustee initially also asked for a finding that any participant whose share of the assets was
less than one hundred dollars would have been deemed to waive his or her share, a request he
abandoned when the DOL objected.

avoidance powers of state, as well as federal [law]." *Id.* The court reasoned that § 704(a)(11) did not invoke a right created by the Bankruptcy Code "in the same strong sense" as the trustee's right to avoid transfers and thus concluded that "section 704(a)(11) does not confer "arising under" jurisdiction . . . because the substantive rights at issue are provided by ERISA and not the Bankruptcy Code." *Id.*

Similarly, the *Mid-States* court rejected the trustee's assertion that it had "arising in" jurisdiction because the trustee was fulfilling one of his numerous statutory responsibilities under the Bankruptcy Code in administering the plan. Rejecting the notion that a trustee's performance of his duties confers such jurisdiction, the court stated that "[t]he trustee does not carry around 'arising in' jurisdiction with him." *Id.* Rejecting the trustee's argument that "but for" the existence of § 704(a)(11) the trustee would not administer the retirement plan, the court determined that using a "but for" standard to determine jurisdiction would expand bankruptcy court jurisdiction beyond what is constitutional. *Id.*

Finally, the court held that it lacked "related-to" jurisdiction under the narrow test adopted by the United States Court of Appeals for the Seventh Circuit: that "the proceeding must affect the amount of property for distribution from the estate or the allocation of property among creditors." *Id.* (quoting *In re FedPak Sys.*, 80 F.3d 207, 210 (7th Cir. 1996)). The court found that when the retirement plan's assets were liquidated, "most, if not all, of the actual claims would be satisfied and the liability eliminated." *Id.* Moreover, the court concluded that the debtor's liability as the former plan fiduciary would be extremely limited and that whatever that liability might turn out to be, it would be unaffected by the distribution of the plan's assets to the participants. *Id.*

*Trans-Industries* and *Robert Plan*—The Bankruptcy Court has Jurisdiction

In *Allard v. Coenan (In re Trans-Industries, Inc.)*, 419 B.R. 21 (Bankr. E.D. Mich. 2009), the Chapter 7 trustee brought suit in bankruptcy court against the trustees of the debtor's ERISA qualified plan for breach of their fiduciary duties.   One of the defendants, arguing that any recovery would benefit only the retirement plan and not the bankruptcy estate, moved to dismiss the adversary proceeding for lack of jurisdiction.   The Chapter 7 trustee asserted that the adversary proceeding fell within the court's core jurisdiction.   The court rejected the Chapter 7 trustee's argument concluding that the proceeding arose neither in nor under a case under title 11 because the complaint involved causes of action not created by the Bankruptcy Code and that could have arisen outside of bankruptcy.   *Trans-Industries*, 419 B.R. at 30.   The court, however, found it had related-to jurisdiction because even though the retirement plan permitted the trustee and his professionals to be compensated out of plan assets for their services in connection with the suit against the retirement plan trustees, to the extent those assets were insufficient to pay the fees and expenses incurred, the Chapter 7 trustee and his professionals could seek to be compensated from the bankruptcy estate.   The court found precedent for compensating out of bankruptcy estate assets professionals rendering pension plan related services to the extent not compensated out of the pension plan's assets in the pre-BAPCPA case of *In re Tom's Foods, Inc.*, 341 B.R. 82, 89-90 (Bankr. M.D. Ga. 2006).   Because the possibility of a fee from the bankruptcy estate assets created the potential for a direct impact on the bankruptcy estate, the *Trans-Industries* court concluded it had non-core related-to jurisdiction over the trustee's lawsuit.

In *In re Robert Plan Corp.*, 439 B.R. 29 (Bankr. E.D.N.Y. 2010), Judge Robert E. Grossman determined that the bankruptcy court had core jurisdiction over a chapter 7 trustee's request for fees incurred in connection with administering the assets of a pension plan even

10

though, at least according to the DOL, there would be sufficient assets in the retirement plans to pay the costs of administering the plans.   He rejected the approach of the cases that analyzed jurisdiction based on the source of the funds intended to pay the trustee and his professionals and instead focused on the source of the trustee's duties as trustee.   In his view,

> [w]hile § 704(a)(11) imposes upon the Trustee the requirement to comply with ERISA laws in fulfillment of his duties thereunder, one can find no support for concluding that the Trustee is therefore divested of his obligations as the Chapter 7 Trustee when acting in the role of plan administrator.   For the same reason there is no support for the conclusion that this section divests the Bankruptcy Court of its jurisdiction over the Trustee's actions as Administrator.   He is a creature of the Bankruptcy Code and but for his appointment under the Code, he would have no role as administrator of the Plan.   To the extent that the Trustee's duties over the Plan arise out of ERISA, they do so only by operation of § 704(a)(11).   *In re NSCO, Inc.,* at 180.   Thus, § 704(a)(11), not ERISA, is the source of the Trustee' obligations. The Trustee's § 704(a)(11) duties are an essential part of the total administration of the Debtors' cases.

*Robert Plan*, 439 B.R. at 43.

### Conclusion

There can be no doubt that the possibility for a pension plan's insufficiency of assets creates the ever-present potential that a bankruptcy estate will be called upon to compensate a Chapter 7 trustee and his professionals for their plan administration services.   Under the standard established by the United States Court of Appeals for the First Circuit in *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991), this potential confers upon the bankruptcy court at least related-to jurisdiction over the fee requests.   Although *AB&C Group* is correct in its conclusion that Bankruptcy Code §§ 330 and 331 do not provide "clear support" for requiring bankruptcy court review and approval of fees paid from non-estate assets, neither do they compel the conclusion that the bankruptcy court is prohibited from approving fees in such circumstances.

But I go further and adopt the approach taken in *Robert Plan* and *NSCO* and find that the bankruptcy court has core jurisdiction over the award of fees to a Chapter 7 trustee and his professionals for performing, or assisting the trustee in performing, his duties under § 704(a)(11) of the Bankruptcy Code.   Congress recognized the critical need to provide retirement plan administration when employers filed bankruptcy.   Any number of workable solutions could have been legislated that maintained a wall of separation between the domains of bankruptcy and ERISA.   Instead, by enacting § 704(a)(11) Congress chose, quite reasonably, to confer this responsibility on bankruptcy trustees who are, body and soul, creatures of the Bankruptcy Code. Trustees literally "arise under" the Bankruptcy Code.   Their oversight and compensation are, without significant exception, within the core federal bankruptcy power delegated to the bankruptcy court.

In this case the Chapter 7 trustee seeks compensation for his services based upon his usual hourly billing rate.   Bankruptcy Code § 326 provides for trustee compensation based on fixed percentages of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."   Section 326 establishes the maximum compensation, often referred to as a commission, payable to a trustee.   It sets a cap not a floor.   *In re Butts*, 281 B.R. 176, 178 (W.D.N.Y. 2002).   Thus the court must still review the trustee's commission for reasonableness.   If the Chapter 7 trustee in this case were to seek compensation based upon the statutory formula, he would be entitled to a commission of no more than $36,061.90 for the $656,241.09 in plan assets that he has distributed to the plan beneficiaries or held in reserve.   The Chapter 7 trustee, however, is seeking substantially less.   Those fees appear to be reasonable but the Chapter 7 trustee has not submitted a fee application in compliance

12

with the Bankruptcy Code and Rules.   The Chapter 7 trustee's counsel has filed an interim fee

application to which no objections were raised and it was allowed on an interim basis in the

amount of $11,033.50 by order dated December 28, 2010.   Such fees may be paid by applying the

$10,000 reserved from the retirement plan's assets with the balance to be paid by or as a claim

against the estate.

     A separate order will issue.


Dated: June 29, 2011                                                    By the Court,


 

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge


Counsel appearing:      Steven Weiss, Shatz, Swartz and Fenton, P.C.
                        Springfield, MA
                        For Steven Weiss, Chapter 7 trustee

                        Kelly M. Lawson, Office of Solicitor, USDOL
                        Boston, MA
                        For Hilda Solis, Secretary, USDOL